UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| KEATH BRAMBLETT, | ) |
| Petitioner, | ) Civil Action No. 3: 09-39-DCR |
| V. | ) |
| LaDONNA THOMPSON, Director, Kentucky Department of Corrections, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Respondents. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Respondents' motion to dismiss the habeas petition filed by Petitioner Keath Bramblett [Record No. 8]. The Respondents' motion was filed on October 5, 2009. By Order entered October 13, 2009, United States Magistrate Judge Edward B. Atkins directed Petitioner Bramblett to respond to the motion to dismiss within thirty (30) days; however, no response has been filed. Accordingly, the Court will proceed to review the motion to dismiss without the benefit of a response from Bramblett.

**I.**

The Respondents seek dismissal based on the one-year limitations period contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and applicable to petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The Respondents assert that the following facts are relevant to the motion:

- Petitioner Bramblett seeks to challenge a September 25, 2001, judgment of the Owen Circuit Court in which he pled guilty to murder, tampering with physical evidence and being a persistent felony offender in the second degree.

- Bramblett did not file a direct appeal following entry of the judgment of the Owen Circuit Court.  Thus, the judgment became final on October 25, 2001.

- On September 13, 2006, Bramblett filed a motion to vacate his judgment and sentence under Kentucky Rule of Criminal Procedure 11.42.  The Owen Circuit Court denied that motion and the Court of Appeals of Kentucky affirmed that decision.  On August 19, 2008, the Supreme Court of Kentucky denied Bramblett's request for an enlargement of time in which to file a motion for discretionary review.

- On March 20, 2009, Bramblett filed a habeas petition with this Court pursuant to 28 U.S.C. § 2254.

## II.

The Respondents correctly assert that, under AEDPA, the one-year limitations period for asserting a petition for habeas relief under 28 U.S.C. § 2254 begins to run from the latest of four circumstances, one of which is the "date on which the judgment because final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, the one-year period is tolled for that amount of time in which a properly-filed application for State post-conviction or other collateral review with respect to the pertinent claim is pending.  28 U.S.C. § 2244(d)(2).  *See Bronaugh v. Ohio*, 235 F.3d 280, 282-83 (6th Cir. 2000).

In the present case, Bramblett's judgment was entered on September 25, 2001.  Although he had thirty (30) days from that date to file an appeal, he failed to do so.  Thus, his judgment became "final" on October 25, 2001.  Bramblett had one year from that date (until October 25, 2002) in which to file a federal habeas petition or a state post-conviction motion which would

toll the running of the statutory period. However, he waited until September 13, 2006, to file a motion under Rule 11.42 of the Kentucky Rules of Criminal Procedure. And because the state motion was filed nearly four years after the one-year statute of limitations had expired, it did not "re-start" the time for filing a federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); and *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

### III.

The one-year time period within which Petitioner Bramblett could have filed a petition for habeas relief under 28 U.S.C. § 2254 expired on October 25, 2002 – one year from the date his state court judgment became final. His state motion filed nearly four years later does not revive this time period. Further, Bramblett has not demonstrated sufficient grounds for equitable tolling or that there was any legitimate reason for failing to file a timely post-conviction motion. Likewise, he does not contend that his petition is based upon a newly-recognized constitutional right. Accordingly, it is hereby

**ORDERED** as follows:

1. The Motion to Dismiss filed by Respondents LaDonna Thompson, Director of the Kentucky Department of Corrections, and Clark Taylor, Warden of the Luther Luckett Correctional Complex, [Record No. 8] is **GRANTED**.

2. The Petition for habeas corpus relief filed by Petitioner Keath Bramblett pursuant to 28 U.S.C. § 2254 is **DENIED**.

   3.  This action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

  This 19th day of November, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge