UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| KEATH BRAMBLETT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3: 09-39-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LaDONNA THOMPSON, Director, | ) | **MEMORANDUM OPINION** |
| Kentucky Department of Corrections, | ) | **AND ORDER** |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Keath Bramblett's motion to set aside this Court's Judgment entered November 19, 2009. [Record No. 13] In support of this motion, Bramblett's counsel asserts that his failure to response to the Defendant's motion to dismiss [Record No. 8] should be excused because he was unaware of the Court's Order extending until November 13, 2009, the time within which he could respond to the motion to dismiss. [Record No. 9] While Bramblett's counsel does not deny receiving the Respondent's motion to dismiss, he argues that his failure to file a timely response should be excused because of a mistake in calendering the appropriate response date.

Having reviewed the Petitioner's motion, the Court believes that good cause has not been demonstrated to support the relief sought.  In addition to the fact that the Petitioner's counsel has not shown that his conduct constitutes excusable neglect, the Court has again reviewed the

-1-

underlying merits regarding the Petitioner's claims of equitable tolling and finds that it is without merit. As a result, the motion to set aside the Judgment under Rule 60(b)(1) will be denied.

## I.

Lawanda Raines disappeared in approximately 1989. In March 2001, Bramblett confessed to her murder and led police to a rural area of Owen County were he had disposed of Raines' body. [Record No. 1; attached Kentucky Court of Appeals Opinion] Bramblett entered a guilty plea to charges of murder, tampering with physical evidence, and being a second-degree persistent felony offender on August 28, 2001. In exchange for the plea, the state prosecutor recommended an aggregate sentence of forty years imprisonment which was imposed on September 25, 2001.

Bramblett did not file direct appeal of his conviction and sentence. Instead, nearly five years later (September 13, 2006), Bramblett, through counsel, filed a motion with the trial court pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. In seeking to avoid the three-year limitations period under this rule, the Petitioner argued that he was unaware that he could file a post-conviction motion under this rule and spent nearly three years filing incorrect motions.[1] In attempting to explain his failure to timely file his Rule 11.42 motion, Bramblett asserted that the time period was equitably tolled because he was wholly unaware of the rules allowing post-conviction relief. He further claimed that he first learned that such relief was

---

[1] According to the Court of Appeals of Kentucky, Bramblett filed a motion for production of all court records in August 2003. In January 2005, Bramblett filed an original action in the court of appeals seeking a writ of prohibition to prevent enforcement of his sentence. Bramblett then unsuccessfully sought leave from the Supreme Court of Kentucky to file a belated motion for discretionary review.

available when he hired his current attorney nearly five years following his conviction in the Owen Circuit Court.

Citing *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), the Court of Appeals of Kentucky rejected the argument that Bramblett's ignorance of legal requirements constituted grounds for equitable tolling.

> We are not persuaded that the *Dunlap* factors balance in Bramblett's favor. We note that *Dunlap* addressed a petitioner's ignorance of the requirement for filing a federal habeas corpus petition within the one-year statute of limitations. *Dunlap*, 250 F.3d at 1004, citing 28 U.S.C. § 2255. In contrast, RCr 11.42 affords a prisoner three years to seek relief. And even that three year deadline, Bramblett missed by almost two years. We are not persuaded that Bramblett's alleged ignorance of the rules was reasonable or that it justified filing his motion two years too late. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.) ("ignorance of the law alone is not sufficient to warrant equitable tolling"). Furthermore, the record reveals Bramblett had at least constructive knowledge of post-conviction procedure. In his August 2003 motion, Bramblett acknowledges he was reviewing his case for constitutional issues that would require the trial court to vacate his conviction and sentence. Consequently, we are not persuaded that the doctrine of equitable tolling applies. The trial court properly dismissed Bramblett's motion as untimely.

[Record No. 1; attachment, p. 23]

## II.

Bramblett, by counsel, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Kentucky on March 20, 2009. [Record No. 1] On September 9, 2009, United States District Judge John G. Heyburn, II transferred the action to this Court because Bramblett was seeking to challenge his conviction from the Owen Circuit Court. Owen County, Kentucky is located in the Eastern District of Kentucky. Therefore, Judge Heyburn's transfer was proper under 28 U.S.C. § 1404(a) and the

Joint Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky.  *See* LR 3.2(b) and LR 3.2(f).

On October 5, 2009, Respondents LaDonna Thompson and Clark Taylor filed a motion to dismiss Bramblett's Petition.  As alternative relief, the Respondents sought an extension of time to file an Answer to the Petition. [Record No. 8] In support of the motion to dismiss, the Respondents contended that the Petition was not timely filed under the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA").  Under the AEDPA, a party has one year from the date a party's state court judgment becomes final to file a habeas corpus petition in federal court.  According to the Respondents, the one-year period expired before Bramblett filed his petition and the time period had not been tolled by a properly-filed motion in state court seeking post-conviction relief. [Record No. 8]

The Local Rules provide that a response to a motion to dismiss must be filed within fifteen days of the service of the motion.  *See* LR 7.1(c).  Therefore, after including three days for service, the Petitioner's response to the motion to dismiss would have been due no later than October 23, 2009.  However, before the Petitioner's response was due, United States Magistrate Judge Edward B. Atkins extended the Petitioner's response time until November 13, 2009.  [*See* Record No. 9] Thus, regardless of the knowledge or lack of knowledge of Bramblett's counsel, the response to the motion to dismiss was due no later than November 13, 2009.  And if the Petitioner's counsel was unaware of the Magistrate Judge's Order, he should have believed that the response was due much earlier.

The Petitioner failed to respond to the motion to dismiss in a timely fashion.[2]  As a result, on November 19, 2009, the Court reviewed the motion without the benefit of a response and determined that dismissal was appropriate.  As the Court noted in the Memorandum Opinion and Order accompanying its Judgment,

> [t]he one-year time period within which Petitioner Bramblett could have filed a petition for habeas relief under 28 U.S.C. § 2254 expired on October 25, 2002 – one year from the date his state court judgment because final.  His state motion filed nearly four years later does not revive this period.  Further, Bramblett has not demonstrated sufficient grounds for equitable tolling or that there was any legitimate reason for failing to file a timely post-conviction motion.

[Record No. 11, p. 3]

## III.

### *Failure to Timely Respond – Inexcusable Neglect*

The Petitioner's attorney asserts that his failure to file a response to the motion to dismiss should be excused because: (1) "[a]s of October 5, 2009, there was no requirement upon the Petitioner to file an objection or reply to the pending motion; nor was there any procedural or jurisdictional requirement upon the Petitioner to do anything"[3]; (2) his attorney is a solo practitioner and is representing the Petitioner *pro bono*; (3) Petitioner's attorney was involved in a jury trial from October 13, 2009, through October 16, 2009; and (4) Petitioner's attorney did not knowingly disregard his obligations but, instead, the failure to file a response was the result

---

[2]  In fact, despite moving the Court to set aside the Judgment based on a claim of excusable neglect, the Petitioner's attorney still has not tendered a substantive response to the Respondent's motion to dismiss.

[3]  Because the Local Rules impose a specific time limitation upon parties in responding to dispositive motions such as the Respondent's motion to dismiss, counsel's assertions that he had no duty to respond is incorrect.

of human error by not entering the 30-day filing order on his counsel's calendar.  [Record No. 15; Petitioner's Reply]

A party cannot employ Rule 60(b) "as a substitute for an appeal . . . or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989) (internal citations omitted).  Rather, Rule 60 is designed to provide relief only where "the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or . . . when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir. 2000).  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993) ("[I]gnorance of the rules . . . do[es] not usually constitute 'excusable' neglect."); *McCurry v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 593 (6th Cir. 2002) ("[N]either strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment."); *Rice v. Consol. Rail Corp.,* No. 94-3963, 1995 U.S. App. LEXIS 32118, 1995 WL 570911, at *4 (6th Cir. Sept. 27, 1995) (unpublished) ("[E]ven though plaintiffs believed that defendant's motion would not be ruled upon until after the conclusion of discovery, this in no way negated their obligation to respond to the motion."); *B & D Partners v. Pastis,* No. 05-5954, 2006 U.S. App. LEXIS 11901, 2006 WL 1307480, at *3 (6th Cir. May 9, 2006) (unpublished) ("[W]hen inadvertent conduct leads to a judgment, a claim of mistake or excusable neglect will always fail if the facts demonstrate a lack of diligence.").  Here, the record reflects that the Respondents served Petitioner's counsel with a copy of their motion to dismiss.  Being served with the motion, the Petitioner was charged with

knowledge of the Local Rule of the deadline for filing a response to the motion or risk the Court addressing the motion without the benefit of a response.  In fact, as of this date, the Petitioner had not even tendered a response to the motion addressing the merits of his claim.

Notwithstanding the requirements of the Local Rules, the Magistrate Judge's Order of October 13, 2009, specifically extended the time for filing a response until November 30, 2009. The Petitioner's attorney does not assert that he did not receive this Order *via* the case management/electronic case management system.  Instead, he asserts that the matter was not properly docketed and that he did not become aware of the November 13, 2009 deadline for filing a response until he received the Memorandum Opinion and Order and accompanying Judgment on November 19, 2009.  He seeks to excuse his failure by contending his office did not properly docket this deadline and that he was busy with other matters during the relevant time period.

With respect to an attorney's failure to file a timely response, the Sixth Circuit plainly held in *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1986), that the failure to respond to a motion or to request an extension of time to file a response is *in*excusable neglect.  *See also Jackson v. Seaboard Coast Line Railroad*, 678 F.2d 992, 1020 (11th Cir. 1982); *Universal File Exchange Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973); *Peake v. First National Bank & Trust Co. of Marquette*, 101 F.R.D. 544, 546 (W.D. Mich. 1984) ("Excusable neglect calls for 'circumstances that are unique or extraordinary.  If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless'").

The fact that Petitioner's counsel may be handling this matter on a *pro bono* basis does not relieve him of the obligations that are imposed on all attorneys. Likewise, he will not be held to a lesser standard because he is a solo practitioner. His obligations are the same as any other attorney practicing before this Court. However, even if the Court accepted any of these arguments, the merits of his claim are lacking.

*Equitable Tolling*

Although the Court previously considered the Petitioner's assertions that the one-year limitations period should be tolled due to his lack of knowledge of the law, it has once again reviewed the assertions contained in the original § 2254 Petition. And once again, the Court concludes that the Petitioner's allegations are insufficient to toll the limitations period.

As an initial matter, the Court notes that the AEDPA's statute of limitations is not jurisdictional. Therefore, equitable tolling may be permissible in some circumstances. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly" and the burden of proof is upon the Petitioner to prove its applicability. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In seeking to invoke equitable tolling, the Petitioner bears the burden of establishing: (1) that he has been diligent in pursuing his rights and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGugliemo*, 125 S.Ct. 1807, 1814 (2005). In determining whether a party is able to establish these elements, the Sixth Circuit consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of

-8-

the legal requirement to file the claim.  *See Allen*, 366 F.3d at 401.[4]  Additionally, courts evaluate

petitions for the existence of "extraordinary circumstances" sufficient to warrant equitable

tolling.  *United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003).

Bramblett's original Petition contains the following claims with respect to the applicable

one-year period for instituting this action:

> After his 2001 conviction, upon his guilty plea to murder, tampering with
> physical evidence and persistent felony offender, Keath Bramblett spent the next
> five years trying, with no success and no lawyer, to get his file from his trial
> lawyer and from the court, to attack his conviction and sentence which he asserted
> was the result of deficient performance by his lawyer and the violation of his right
> to silence.  He asserted his trial lawyer failed to file a motion to suppress – his
> confession which was illegally obtained.  Also, his lawyer wrongly advised him
> to plead guilty to avoid the death penalty despite the fact that his murder
> indictment did not qualify for imposition of capital punishment.  Mr. Bramblett's
> failure to file a Kentucky RCr 11.42 Petition within three years was because he
> could not obtain his file; and he did not know nor did anyone inform him of the
> statutory 3-year filing requirement.  The Doctrine of Equitable Tolling should
> have allowed Mr. Bramblett to file his Rcr 11.42 Petition late. . . .

[Record No. 1; Petition, p. 6]

In the present case, the Petitioner cannot demonstrate that he was diligent in pursuing his

right to seek collateral relief in state court or this Court.  Likewise, he cannot establish that some

extraordinary circumstance stood in his way.  In this regard, he cannot claim in good faith that

he lacked constructive knowledge of the filing requirement or that he acted diligently.  And

finally, he cannot assert that it was reasonable for him to remain ignorant of the RCr 11.42 filing

requirement while filing other motions in state court.

---

[4]  These factors "are not comprehensive, nor is each of the five factors relevant in all cases."
*Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Instead, courts must consider equitable tolling
on a "case-by-case basis." *Id.*

-9-

In short, there is no evidence sufficient to constitute "exceptional circumstances." Again, the fact that Bramblett chose to file other motions does not excuse his failure to file an appropriate motion for post-conviction relief under RCr 11.42. While he asserts that he unsuccessfully attempted – but failed – to get a copy of his file from his original attorney and the court, there is no indication that anyone prevented him from filing an appropriate motion or that he was told that such a motion was not necessary. However, even if such a claim were advanced, it would not support equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003) (a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling). Further, as the Court of Appeals of Kentucky noted and as the Sixth Circuit has held on several occasions, ignorance of the law along is not a sufficient grounds to invoke the equitable tolling doctrine. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Griffin v. Rogers*, 399 F.3d 626 (6th Cir. 2005); *Griffin,* 399 F.3d at 637 (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991). Rather, "[e]quitable tolling focuses primarily on the *plaintiff's* excusable ignorance of the limitations period." *Griffin,* 399 F.3d at 636 (citing *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998) (emphasis in original).

## IV.

The Petitioner has not demonstrated excusable neglect sufficient to justify setting aside the Judgment entered herein on November 19, 2009. Likewise, the Petitioner has not shown that, even if the Court were to set aside the Judgment, he could establish grounds for equitable estoppel to prevent application of the one-year limitations period contained in the AEDPA. Accordingly, it is hereby

**ORDERED** that the Petitioner's motion to set aside the Judgment previously entered [Record No. 13] is **DENIED**.

This 1st day of December, 2009.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**